**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO. 1:26-cv-22721-LETT

**GREGORY TYNDELL**,

Plaintiff,

v.

**MIAMI-DADE COUNTY**
**HOMELESS TRUST, *et al.*,**

Defendants.
______________________________/

**REPORT AND RECCOMENDATION REGARDING PLAINTIFF'S EMERGENCY MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

THIS CAUSE comes before the Court on the Court's *sua sponte* review of the docket. The Plaintiff, Gregory Tyndell, filed the Complaint on April 20, 2026. ECF No. 1. On April 20, 2026, the Court de-certified Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, [ECF No. 4], as an emergency. ECF No. 6. On April 29, 2026, Plaintiff filed a Notice of Corrected and Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 7. Having reviewed the record and being fully advised in the premises, it is recommended that Plaintiff's Corrected and Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction be denied without prejudice and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction be denied as moot.

## BACKGROUND

Plaintiff was admitted to the Homeless Trust affiliated shelter program on February 11, 2026. Compl. Ex. A, ECF No. 1. On April 16, 2026, Plaintiff received Notice of Program Completion (the "Notice") and was discharged from the program. *Id*. Plaintiff alleges that the Notice was issued under "improper circumstances." Compl. at 2. Plaintiff alleges he attempted to escalate his request for emergency placement and contacted Defendant Miami-Dade County Homeless Trust Program Director, Ms. Williams. *Id*. Plaintiff further alleges that Miami-Dade County Homeless Trust Program personnel ignored his request by failing to respond to, redirecting, or terminating his calls. *Id*. Plaintiff claims that these allegations give rise to claims under 42 U.S.C. § 1983.

## RECOMMENDATIONS

Rule 65 of the Federal Rules of Civil Procedure authorizes courts to grant a preliminary injunction or temporary restraining order ("TRO") before final judgment in limited circumstances. The purpose of this injunctive relief is to "preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 357 F. Supp. 2d 1378, 1383 (M.D. Fla. 2005). The primary difference between a preliminary injunction and TRO is that a TRO "may be entered before the defendant has an adequate opportunity to respond." *Dragados USA, Inc. v. Oldcastle Infrastructure, Inc.*, No. 20-cv-20601, 2020 WL 733037, at *2 (S.D. Fla. Feb. 13, 2020).

**A. Plaintiff Fails to Meet Necessary Standard in Seeking a Temporary Restraining Order and Preliminary Injunction**

To merit a TRO, as with a preliminary injunction, Plaintiffs must show: (1) a substantial likelihood of success on the merits; (2) that the [TRO] is necessary to prevent irreparable injury; (3) that the threatened injury outweighs the harm the [TRO] would cause the other litigant; and (4) that the [TRO] would not be averse to the public interest. *Gissendaner v. Comm'r, Ga. Dept. of Corr.*, 779 F.3d 1275, 1280 (11th Cir. 2015) (quoting W*ellons v. Comm'r, Ga. Dept. of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014)); *see also Windsor v. United States*, 379 F. App'x 912, 916–17 (11th Cir. 2010) (explaining that "the four criteria for obtaining a preliminary injunction are identical to those for issuance of a temporary restraining order"). A TRO is an "extraordinary and drastic remedy" that should not be granted unless the movant clearly carries the burden of persuasion on each element. *Sigfrid v. Pro. Golfers' Ass'n of Am.*, No. 25-14370-CIV, 2026 U.S. Dist. LEXIS 35240, at *5 (S.D. Fla. Feb. 20, 2026) (citation omitted).

(i) Likelihood of Success on the Merits

"Likelihood of success on the merits is generally the most important factor of the four [TRO] factors." *Speech First, Inc. v. Cartwright*, 32 F.4th 1110, 1124 (11th Cir. 2022) (citation omitted). Nothing before the Court indicates that Plaintiff has a substantial likelihood of success on the merits in the instant matter. "To bring a § 1983 claim, a plaintiff must show a causal connection between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights[.]" *Woodyard v. Hoylt*, No. 25-0183-TFM-N, 2025 WL 4649245, at *3

(S.D. Ala. June 4, 2025) (citing *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam)). Thus, in order to succeed on the merits, Plaintiff must establish that by discharging him from the Homeless Shelter Trust Program, the Defendants acted under color of state law to deprive him constitutional or federal rights. *See* Compl, ECF No. 1. Plaintiff's argument that he is likely to succeed on the merits does not reference a single case, let alone a case analyzing the constitutionality of a discharge from a housing program receiving federal funding. *See* Mot. at 2-3. Plaintiff offers no legal authority to suggest that there is precedent for finding that administrators in a federal housing program deprive an individual of a right, privilege, or immunity secured by the Constitution when discharging an individual under circumstances similar to those which Plaintiff was discharged. *See Shell v. Foulkes*, 362 F. App'x 23, 27-28 (11th Cir. 2010) (affirming dismissal where plaintiff alleged only private action by his landlord, and stating that "state action is not established merely because a private entity receives government funding or is subject to extensive government regulation.") (citation omitted). Accordingly, Plaintiff has failed to carry his burden to persuade the Court that his claim will succeed on the merits. Consequently, "[s]ince plaintiff has not met one of the four essential prerequisites to the granting of a [TRO], the Court need not proceed with further analysis of the requirements of such relief." *Knowles v. Johnson*, 540 F. Supp. 740, 741 (S.D. Fla. 1982) (denying plaintiff's motion for injunctive relief to enjoin the Defendant where plaintiff did not establish a substantial likelihood that he would prevail on the merits); *see also New Comm Wireless Servs., Inc. v. Sprintcom, Inc.*,

287 F.3d 1, 9 (1st Cir. 2002) ("if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining [TRO] factors become matters of idle curiosity.").

(ii) Irreparable Harm

Plaintiff alleges an "[o]ngoing violation of constitutional rights", Mot. at 2 – specifically his due process rights – could amount to irreparable harm. *See Siegel v. LePore*, 234 F.3d 1163, 1178 (11th Cir. 2000) ("Constitutional harm is not necessarily synonymous with the irreparable harm necessary for issuance of a preliminary injunction."). Additionally, the Court is sympathetic to the serious nature of the other harms Plaintiff alleges he faces because he is unsheltered, such as, "[e]xposure to unsafe and life-threatening conditions" Mot. at 2, which are harms that monetary relief would be insufficient to remedy as to warrant an injunction. However, because a TRO is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to all four elements", Plaintiff's conclusory allegations are not sufficient to warrant a grant of the TRO where he has failed to demonstrate the other three TRO factors, including the most important factor, substantial likelihood on the merits. *Sigfrid*, 2026 U.S. Dist. LEXIS 35240, at *5.

(iii) Balance of Hardship and Public Interests

As for the last two factors a court considers before issuing a TRO, Plaintiff asserts Defendants face only a minimal hardship and administrative burden. *See* Mot. at 3. However, Plaintiff does not discuss the potential burden on Defendants'

resources and capacity within its housing program, or the hardship created if the Court enjoins Defendants to readmit Plaintiff and there is ultimately a finding that Plaintiff was initially discharged for violating Defendants' policies. For similar reasons, the Court cannot assess whether entry of injunctive relief would be adverse to the public interest. Assertions regarding the balance of hardships and public interest, without support, are not sufficient to satisfy a Plaintiff's burden on these prongs. *See Miami-Dade Cnty. v. United States HUD*, No. 07-21259-CIV, 2007 U.S. Dist. LEXIS 112273, at *12-13 (S.D. Fla. May 17, 2007 (finding the balance of the hardships and the public interest weigh in favor of granting an injunction where plaintiff offered only speculative statements without evidence).

**B. Plaintiff's Motion for TRO is Procedurally Deficient**

Moreover, this Court is prevented from entering a TRO in Plaintiff's favor because his request is procedurally deficient. Rule 65 of the Federal Rules of Civil Procedure requires that if a TRO issues without written or oral notice to the adverse party, the movant must provide "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; **<u>and</u>** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(A)-(B) (emphasis supplied). While Plaintiff provides a sworn declaration setting forth the facts he avers that will bring immediate and irreparable harm upon him, *see* Gregory Tyndell Decl., [ECF No. 7], there is no certification from the *pro se* Plaintiff that he attempted to give notice to

the Defendant(s), and a review of the record also reflects no attempts.[1] Further, Plaintiff's Declaration does not explain why notice should not be required. Therefore, Plaintiff's request for TRO is procedurally deficient.

## CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** Plaintiff's Corrected and Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction, [ECF No. 7], be **DENIED *without prejudice*** and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, [ECF No. 4] be **DENIED *as moot***.

## ADVISEMENT REGARDING OBJECTIONS

"Within 14 days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to

[1] "Although Rule 65(b)(1)(B) refers to 'the movant's attorney,' the certification requirement applies even if the movant, as here, is proceeding *pro se*." *Isaacs v. Wigand*, No. 25-CV-62375, 2025 WL 3281698, at *1 n.2 (S.D. Fla. Nov. 24, 2025) (citing *Vaughan v. Bank of Am., NA.*, No. CIV.A. 10-0453, 2010 WL 3273052, at *1 (S.D. Ala. Aug. 18, 2010) ("*[P]ro se* status does not excuse the movant from the obligation to comply with substantive law and procedural rules, and his failure to provide said information, as required under Rule 65(b)(1)(B), is fatal to his request.")).

challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; S.D. Fla. Mag. R. 4(a).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 19th day of August, 2026.

Enjoliqué A. Lett

ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record