**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-22721-GAYLES**

**GREGORY TYNDELL,**

**Plaintiff,**

**v.**

**MIAMI-DADE COUNTY HOMELESS TRUST, *et al.*,**

**Defendants,**

_______________________________/

**ORDER DISMISSING CASE**

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. Plaintiff Gregory Tyndell, appearing *pro se*, filed this action on April 20, 2026. [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *in Forma Pauperis* the same day [ECF No. 3].[1] Because Plaintiff is proceeding *in forma pauperis*, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), apply. Under that statute, courts may dismiss a suit "any time [] the court determines that . . . (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2).

The standards governing dismissals for failure to state a claim under § 1915(e)(2)(B)(ii) are the same as those governing dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To state a claim for relief, a pleading must contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8. In addition, Rule 10(b) of the Federal Rules of Civil

[1] Magistrate Judge Lett granted Plaintiff's Motion to Proceed *in Forma Pauperis*. [ECF No. 9].

Procedure requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To survive a motion to dismiss, a claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).

Plaintiff filed this action against Defendants Miami-Dade County Homeless Trust, Miami Rescue Mission, Benjamin Perez, "Ms. Williams", and "Ms. White" (collectively, the "Defendants") alleging Defendants wrongfully discharged him from a federally funded homeless shelter program and denied him emergency housing. Even under the relaxed pleading standards for *pro se* litigants, the Complaint must be dismissed.

First, the Complaint fails to comply with the Federal Rules of Civil Procedure. "Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as shotgun pleadings." *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). (internal quotation marks omitted). The Eleventh Circuit generally considers a complaint to be a shotgun pleading if it: (1) "contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint," *id.* at 1321; (2) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," *id.* at 1321–22; (3) fails to "separate[e] into a different count each cause of action or claim for relief," *id.* at 1322–23; or (4) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against," *id.* at 1323. Shotgun pleadings

"waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted).

Here, the Complaint lumps Defendants together in each count. As a result, it is impossible to tell what, if anything, each Defendant did to harm Plaintiff. Moreover, the Complaint does not contain numbered paragraphs in violation of Rule 10 and fails to incorporate any of the background allegations into Counts II and III. As a result, the Complaint fails to comply with the Federal Rules of Civil Procedure and must be dismissed without prejudice.

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1. This action is **DISMISSED without prejudice** and **CLOSED** for administrative purposes.
2. Plaintiff may move for leave to file an amended complaint on or before September 14, 2026.
3. All pending motions are **DENIED as MOOT.**

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of August, 2026.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE